IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOAN C. WHITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0698-WS-M |
| | ) |
| BALDWIN COUNTY MENTAL | ) |
| HEALTH CENTER, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for a continuance. (Doc. 53). The plaintiff seeks a continuance of trial from February 2014 to August 2014, on the grounds that her private employer has assigned her to a "tour of duty" in Japan until June or July 2014.

"The denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable." *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003) (internal quotes omitted). "In reviewing a denial of a continuance request, we consider: (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005). Although the plaintiff ignores these factors, the Court considers them.

First, the plaintiff has known since March 2013 that this case is set for trial in February 2014, (Doc. 14 at 1), so she cannot claim surprise or a prior

commitment. Nor has she shown that she attempted to avoid the conflict by seeking a different work assignment for early 2014. The plaintiff thus has not demonstrated diligence in ensuring that her case be ready and her attendance secured.

Second, since the Court already has 17 civil trials set for August 2014, it cannot reschedule this case for that term. And, since September 2014 is a criminal term, the Court will not schedule a civil trial during that month. The earliest time the case could be reset is thus October 2014.[1] But the plaintiff has offered the Court no assurance that she will not at that time again be on a foreign work assignment. Thus, she has not shown that granting a continuance would obviate further continuances.

Finally, the plaintiff's harm appears to be limited to that of taking time off from work and paying for an airline ticket. Since she would have had to take time off from work to attend trial even if she were employed locally, that is not a consideration, and the financial cost of travel is but a necessary incident of her acceptance of foreign employment, a cost her employment equips her to cover.

District courts "enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). For the reasons set forth above, the plaintiff's motion for a continuance is **denied**.

DONE and ORDERED this 21st day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Had the parties demanded a jury trial, the next available term would be November 2014.